[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15172
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cv-10139-JEM

STEPHEN DANIEL LEONARD,

Plaintiff - Appellant,

versus

MONROE COUNTY FLORIDA,
official capacity,
LT. LANARES JOSEPH,
official and individual capacity,
CORRECT CARE SOLUTIONS, LLC,
official capacity,
JORGE DOMINICIS,
Chief Executive Officer of C.C.S., LLC.,
official capacity,
RAUL CANER, M.D.,
official and individual capacities, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 15, 2019)

Before WILSON, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Stephen Leonard, a Florida prisoner proceeding pro se,[*] appeals the district court's sua sponte dismissal -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- of his 42 U.S.C. § 1983 civil action.  Plaintiff also appeals the denial of his motion to recuse both the district court judge and the magistrate judge.  No reversible error has been shown; we affirm.

Plaintiff's complaint arises from events that occurred while Plaintiff was confined at the Monroe County Detention Facility ("Detention Facility").  Plaintiff named as defendants Monroe County, Florida; officers employed by the Monroe County Sheriff's Office ("MCSO"); members of the Detention Facility's medical staff; and the Florida Department of Health.  Briefly stated, Plaintiff alleged that

_____

[*] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

MCSO officers (1) denied Plaintiff access to the courts by refusing to mail (at the Detention Facility's expense) Plaintiff's legal mail on grounds that Plaintiff had exceeded his monthly postage allowance and (2) placed Plaintiff in administrative confinement in retaliation for Plaintiff's filing of grievances. Plaintiff also alleged that members of the Detention Facility's medical staff "misdiagnosed" Plaintiff with Hepatitis C and refused to provide follow-up medical care.

The magistrate judge issued a report and recommendation ("R&R") in which he recommended that Plaintiff's complaint be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After considering Plaintiff's objections to the R&R, the district court adopted the magistrate judge's recommendation and dismissed (without prejudice) Plaintiff's complaint. The district court also set a deadline by which Plaintiff was permitted to file an amended complaint. Plaintiff, however, appealed the district court's dismissal without filing an amended complaint.

Plaintiff had also moved to recuse the district court judge and the magistrate judge, each of whom had issued unfavorable rulings against Plaintiff in prior cases. In the R&R, the magistrate judge recommended denying the motion; the district court denied the motion.

I.

We review de novo a district court's sua sponte dismissal under section 1915(e)(2)(B)(ii) for failure to state a claim. Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017). In reviewing a dismissal under section 1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P 12(b)(6). Id.

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). To state a plausible claim for relief, plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

To state a claim for denial of meaningful access to the courts, a plaintiff must allege an "actual injury" by demonstrating that his "efforts to pursue a nonfrivolous claim were frustrated or impeded" by the complained-of conduct. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). A plaintiff must describe

4

within his complaint the underlying cause of action in specific enough terms to show that the underlying claim is "arguable" and "nonfrivolous." Christopher v. Harbury, 536 U.S. 403, 415-16 (2002).

Here, Plaintiff alleged no facts supporting his conclusory allegation that Defendants' failure to send his legal mail caused him injury. Nor did Plaintiff describe the underlying cause of action that was purportedly frustrated or impeded by Defendants' conduct. The district court thus committed no error in concluding that Plaintiff failed to state a claim for the denial of his right to meaningful access to the courts.

The district court also concluded correctly that Plaintiff failed to state a claim for unlawful retaliation. Plaintiff made only a conclusory assertion that he was placed in administrative confinement in retaliation for filing grievances. But Plaintiff's complaint contained no factual allegations that would allow a reasonable inference that a causal connection existed between Plaintiff's protected speech and his placement in administrative confinement. Plaintiff's unsupported conclusory assertion about a retaliatory motive is not enough to state a plausible claim for relief. See Iqbal, 556 U.S. at 678.

Plaintiff has also failed to state a plausible claim for deliberate indifference to a serious medical need. Plaintiff alleged only that he was "misdiagnosed" with Hepatitis C and was denied follow-up medical care. Plaintiff, however, alleged no

facts about his medical condition or symptoms.  Nor did Plaintiff allege facts that would support a finding that Defendants had subjective knowledge of Plaintiff's purported serious medical need or that Defendants disregarded consciously a substantial risk of harm to Plaintiff's health.  See Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (discussing the elements of an Eighth Amendment deliberate indifference claim).

We also reject Plaintiff's contention that the district court failed to review de novo the disputed portions of the R&R, pursuant to 28 U.S.C. § 636(b)(1).  First, the district court said expressly that it had "reviewed the entire file and record, [and] made a de novo review of the issues" presented in Plaintiff's objections to the R&R.  Moreover, the structure of the district court's order reflects that the district court considered properly Plaintiff's objections.  The district court explained -- correctly -- that all but one of Plaintiff's objections had already been addressed adequately by the R&R.  In context, that the district court discussed in detail only one of Plaintiff's objections inadequately supports that the district court failed to give due consideration to Plaintiff's other arguments.

6

II.

We review for abuse of discretion the district court's rulings on a motion for recusal.  United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999).  We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons."  Id.

In his motion to recuse, Plaintiff asserted that the district court judge and the magistrate judge were biased and prejudiced against pro se litigants generally and against Plaintiff in particular.  As evidence of the judges' purported bias, Plaintiff identified six earlier-filed civil actions (over which one or both judges presided) in which Plaintiff says his claims were "dismissed for some technical or procedural loophole."  We have said, however, that a judge's adverse ruling -- without more -- is insufficient to demonstrate the requisite pervasive bias and prejudice against a party that would mandate recusal.  See Hamm v. Members of Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).  On this record, we see no abuse of discretion in denying Plaintiff's recusal motion.

We affirm the dismissal of Plaintiff's complaint pursuant to section 1915(e)(2)(B)(ii), and the denial of Plaintiff's motion to recuse.

AFFIRMED.

7